UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
11-10065-JGD

UNITED STATES OF AMERICA

v.

RICHARD WETHERELL

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANT'S MOTION TO WITHDRAW PLEA

April 24, 2012

DEIN, U.S.M..J.

## I. INTRODUCTION

Following a hearing held on April 20, 2012, this court allowed the defendant's motion to withdraw his guilty plea for the reasons stated in open court. This decision follows to more fully explain the court's decision.

## II. STATEMENT OF FACTS

The defendant is the captain of a commercial fishing vessel known as the Jessica & Susan. On February 23, 2011, he was charged in a two count indictment with having "forcibly assaulted, impeded, intimidated, sexually harassed, and interfered with" two female data collectors employed by the NOAA-OLE/National Marine Fisheries Service during two separate fishing trips: one occurring between July 2, 2010 and July 10, 2010, and the second occurring between July 13, 2010 and July 20, 2010, in violation of 16 U.S.C. § 1857(1)(L). He waived his right to proceed

before a District Judge and consented to proceed on these misdemeanor charges before this court. (See 1/27/12 Tr. at 19-20).

The defendant originally was represented by retained counsel, James E. O'Neil. (Docket No. 3). Mr. Wetherell pleaded not guilty at his arraignment held on March 3, 2011. While discovery proceeded thereafter, it was repeatedly represented to the court that the parties were engaged in substantive plea negotiations as well. (See, e.g., Docket No.12). At a status conference on May 18, 2011, a pretrial conference was set for July 12, 2011, and trial was set for September 19, 2011. The defendant moved for a jury trial.

On August 11, 2011, retained counsel filed a motion to withdraw along with a supporting memorandum. Therein, counsel represented as follows:

> As reason in support of counsel's motion to withdraw, the Court is advised that on August 11, 2011, at 7:45 a.m, Mr. Wetherell contacted counsel by telephone and indicated that he wanted to seek the services of the Federal Public Defender as he is indigent. He also indicated that he would "plea bargain" as he simply wanted to end this matter. Significantly, during this morning's conversation, Mr. Wetherell continued to maintain his innocence, therefore counsel advised Mr. Wetherell that he could not ethically permit him to offer to plead guilty as he was maintaining his innocence. Communication between counsel and Mr. Wetherell, while cordial, is difficult to say the least and preparation for trial is strained.

(Docket No. 18). Unbeknownst to the court at the time, this decision to plead guilty "to end this matter" was to become a pattern.

The court allowed the motion to withdraw and CJA counsel, John Moss, was retained to represent the defendant. A status conference was held on September 7, 2011 at which time trial was reset to November 14, 2011, although the parties indicated to the court that there were attempts to resolve the matter by way of a plea. (See Docket Entry 9/7/11). On October 26,

2011, the government filed a motion for a Rule 11 hearing (Docket No. 25), which was allowed, and a hearing was set for November 17, 2011. At the hearing, the defendant confirmed that he wished to plead guilty. However, after the government recited the facts that it intended to prove at trial, the defendant refused to accept them, asserting that "it was not like how they said it was at all." Therefore, this court concluded that the defendant did not wish to proceed with a Rule 11 hearing, and a jury trial was set for February 6, 2012.

The court was again informed that Mr. Wetherell intended to plead guilty and a Rule 11 hearing was set for January 27, 2012. (See Docket Entry of 1/18/12). While at the conclusion of the hearing I did accept the defendant's guilty plea, it was evident through the hearing that Mr. Wetherell was only willing to accept as true the most minimal description of the facts as would support a guilty plea. Thus, he only "partially" agreed with the government's description of the facts (Tr. at 14), added that disputing the facts "wouldn't do me any good," and asserted that he was "a hundred percent guilty of about 20 percent of what she said." (Tr. at 15). Mr. Wetherell reiterated that he wanted "this over" and that it was "just too much to deal with." (Tr. at 15-16). He did not agree that he physically assaulted the data collectors. (Tr. at 17). At the conclusion of the hearing, I believed that he had accepted as true sufficient facts to establish that he had "interfered or hindered or impeded [the data collector's ability] to conduct their jobs" (Tr. at 17), but in reviewing the transcript I find that his adoption of the facts was very equivocal, and the facts to which he was pleading were not clearly defined. (See Tr. at 16-18).[1] What was clear was that Mr. Wetherell was trying to simply end this matter, without sincerely accepting the

---

[1] Since I am basing my ruling on the events that transpired at the plea hearing, which are reflected in a transcript, I do not see any reason for an evidentiary hearing.

government's version of events.  Under such circumstances, this court believes it most appropriate to accept his motion to withdraw his guilty plea.

### III. ANALYSIS

The standard for allowing a withdrawal of a guilty plea is not in dispute.  As the First Circuit recently held:

> Under Federal Rule of Criminal Procedure 11, "(a) defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see also [*United States v. Isom*, 580 F.3d 43, 52 (1st Cir. 2009)] (same).  A number of factors bear on whether such a reason exists, the most important of which is "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11." *Isom,* 580 F.3d at 52.  Other relevant factors include "the strength of the reasons offered in support of the motion [to withdraw]; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." *Id.*

United States v. Santiago Miranda, 654 F.3d 130, 136 (1st Cir. 2011).

In the instant case, I accept as a fair and just reason Mr. Wetherell's apparent heartfelt belief that he is innocent of any illegal conduct.  He has repeated this position at various times throughout the pretrial proceedings and this claim resulted in my refusal to accept his initial guilty plea.  Upon reviewing the transcript, I should not have accepted the second plea either.  Mr. Wetherell's position as to what happened has not changed; all that has changed is his willingness to take a chance and have an independent fact-finder evaluate the testimony.

I recognize that the withdrawal of the plea not only is inconvenient for the government, but also causes additional stress to the complainants, a situation that I wish could be avoided.  However, I do not find that there is prejudice to the government if the withdrawal is allowed.

There has not been such a lengthy delay that the victims' memories of the events would be significantly diminished. Nor have the complainants been in close contact with the defendant or otherwise been obligated to be subjected to behavior they found objectionable, thereby making any further delay intolerable. The scheduling of trial will accommodate the complainants' schedules. I find that justice would best be served by giving Mr. Wetherell his day in court.

## IV. CONCLUSION

For all the reasons detailed herein, the defendant's motion to withdraw his guilty plea (Docket No. 27 ) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge